OPINION OF THE COURT
John R Tenney, J.
In this action to recover for default in payment on a computer lease, the plaintiff assignee has moved for summary judgment. Defendant concedes the default in payment but alleges, inter alia, that the equipment has never worked, that the lessor has breached a variety of express and implied warranties, and that the contract is void because of the lessor’s fraudulent inducement. The issue before this court is whether these substantial defenses are available against the assignee. It should also be noted that since the lessor is apparently bankrupt or otherwise unavailable, impleader is an impractical solution.
Paragraph 10 of the lease states that the "Lessors may assign * * * this Lease and * * * the assignee shall have all of the rights and remedies of Lessor hereunder, and shall hold this Lease free of any counterclaim, offset, defense or cross-complaint as against such assignee, Lessee reserving such remedies hereunder solely against the Lessor.” Whether the underlying transaction is a true lease (as plaintiff contends) or an installment sale (as defendant contends), the provisions of Uniform Commercial Code § 9-206 apply. That section provides, in part, "(1) Subject to any statute or decision which establishes a different rule for buyers or lessees of consumer goods, an agreement by a buyer or lessee that he will not assert against an assignee any claim or defense which he may have against the seller or lessor is enforceable by an assignee who takes his assignment for value, in good faith and without notice of a claim or defense, except as to defenses of a type which may be asserted against a holder in due course of a negotiable instrument”.
Although defendant raises two possible defenses which would survive section 9-206, neither is available on the facts of this case. Defendant first alleges fraud in the inducement. While fraud in the factum (relating to the instrument itself) can be a defense against a holder in due course (Chemical Bank v Haskell, 51 NY2d 85), the “overwhelming weight of recent authority stands for the proposition that fraud in the *922 inducement is not an available defense”. (Chase Manhattan Bank v Finger Lakes Motors, 102 Misc 2d 48, 52.)
Defendant also alleges either bad faith or notice of a claim or defense. He essentially argues that as the financing agency for lessor, plaintiff knew or should have known that the lessor had defective equipment and would be subject to defenses in any direct action to enforce the lease. Such conclusory allegations are insufficient and would impose an intolerable burden on banks and financing agencies. Under section 1-201 (19) of the Uniform Commercial Code, good faith requires "honesty in fact in the conduct or transaction”. There are no evidentiary facts to the contrary here.
While the result in this case may seem harsh in light of the lessor’s insolvency, it is consistent with the intention of the Uniform Commercial Code’s draftsmen: "The Code’s conclusion, except for consumer goods, harmonizes with the Code’s regular thrust toward the abolition of formal differences. Obviously, if a bank made a loan with which the borrower bought goods, the borrower could not defend against his loan on the ground that he was not happy with the goods. The use of credit sales by sellers, with the banks almost immediately stepping into the sellers’ position as to the credit obligations, is simply another legal mechanism which reaches the same ultimate result. Thus, there is little reason for the bank to end up in a more exposed position when it obtains the credit obligation through the seller.” (Kripke, Practice Commentary, McKinney’s Cons Laws of NY, Book 62 V2, UCC 9-206, at 416-417.) Plaintiffs motion must, therefore, be granted.